**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff The Dong-A Ilbo
Chull S. Park, Esq. (No. 202681)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE DONG-A ILBO,** | Civil Action No. 08-2399 (GP) |
| Plaintiff, | |
| v. | **ECF CASE** |
| **BO H. LIM, et al.,** | |
| Defendants. | |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO MODIFY THE ORDER ENTERED ON SEPTEMBER 15, 2009 AND LIFT THE
## STAY AS TO NON-DEBTOR DEFENDANTS

---

On the Brief:   Chull S. Park, Esq.
                Hyun Suk Choi, Esq.

21946_3

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ 3

BRIEF STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ................... 4

LEGAL ARGUMENT ................................................................................................................. 6

THIS COURT SHOULD ONLY STAY THIS ACTION AGAINST THE DEBTOR THAT
FILED FOR BANKRUPTCY PETITION AND ALLOW THIS ACTION TO PROCEED
AGAINST THE OTHER NON-DEBTOR DEFENDANTS ...................................................... 6

CONCLUSION ............................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir. 1982) ................................................................................................................................................. 6

In re Philadelphia Gold Corp., 56 B.R. 87 (Bankr.E.D.Pa. 1985) ................................................. 7

Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir. 1983) ........................................... 7

Marcus, Stowell & Beye v. Jefferson Investment, Corp., 797 F.2d 227 (5th Cir. 1986) ........... 7, 8

Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991) .................... 6, 7, 8

Personal Designs, Inc. v. Guymar, Inc., 80 B.R. 29 (E.D.Pa. 1987) .......................................... 7, 8

**Statute**

11 U.S.C. § 362(a)(1) (2009) .......................................................................................................... 6

## BRIEF STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On May 22, 2008, The Dong-A Ilbo ("Plaintiff") filed a Verified Complaint against the following defendants: Bo H. Lim ("B. Lim"), Kook Jin Lee ("K. Lee"), The Korean Daily Tribune, Inc., et al. ("KDT"), and The Korean Southeast News, Inc., et al. ("KSN") in this Court for trademark infringement, copyright infringement, violation of common law unfair competition, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, breach of contract, unjust enrichment, fraud, conversion, civil conspiracy, gross negligence and negligence ("Complaint").   On October 22, 2008, Plaintiff filed a First Amended Verified Complaint ("Amended Complaint") to include STV Networks, Inc. ("STV") as an additional defendant and as the successor-in-interest to KDT.

On December 4, 2008, STV filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   On January 29, 2009, B. Lim and KDT filed their Motion to Dismiss based upon enforcement of an alleged forum selection clause.

In light of the personal jurisdiction issues raised by K. Lee and KSN in a motion to dismiss filed on June 23, 2008, this Court allowed the parties to conduct limited discovery.   On May 28, 2009, upon completion of the limited discovery, K. Lee and KSN filed the Amended Motion to Dismiss, which was subsequently amended on June 9, 2009.

Because of the repeated representations by counsel for B. Lim and KDT that B. Lim intended to file for bankruptcy protection, on July 6, 2009, the Court entered an order directing all parties to submit a joint written status report by July 16, 2009 regarding whether any party intends to file or has filed a bankruptcy petition. On July 16, 2009, Plaintiff's counsel filed the joint written status report indicating that B. Lim was the only party intending to file a bankruptcy petition and such petition could be filed on or about August 16, 2009.

4

On August 24, 2009, this Court entered an order dated August 18, 2009 denying STV's motion to dismiss.  On August 31, 2009, this Court entered an order dated August 25, 2009 denying the motion to dismiss of B. Lim and KDT.

On September 11, 2009, B. Lim filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.  Subsequently, on September 15, 2009, this Court entered an order dated September 14, 2009 staying all activity in this action until further order of the Court and cancelled all remaining deadlines.

21946_3

## LEGAL ARGUMENT

## THIS COURT SHOULD ONLY STAY THIS ACTION AGAINST THE DEBTOR THAT FILED FOR BANKRUPTCY PETITION AND ALLOW THIS ACTION TO PROCEED AGAINST THE OTHER NON-DEBTOR DEFENDANTS.

Under the relevant provision of the Bankruptcy Code of the United States ("Bankruptcy Act") and judicial decisions interpreting the application of the automatic stay provision, only the bankruptcy petitioner, B. Lim, should be protected from further litigation in this proceeding. Section 362 of the Bankruptcy Act provides in part:

Automatic stay.

(a)    Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of

(1)    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim **against the debtor** that arose before the commencement of the case under this title
. . . .

11 U.S.C. § 362(a)(1) (2009). (Emphasis added.).

Generally, "[a]ll judicial actions against a debtor seeking recovery on a claim that were or could have been brought before commencement of a bankruptcy case, are automatically stayed." Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1203 (3d Cir. 1991). Indeed, "[t]he scope of the automatic stay is broad." Id. (citing Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982). However, "[a]lthough the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a 'debtor' -- the term used by the statute itself." Id. at 1204. (citing St. Croix, 682 F.2d at 448).

According to the Third Circuit, "[a]ll proceedings in a single case are not lumped

6

together for purposes of automatic stay analysis." Id. Rather, "[e]ven if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case." Id. Consequently, "[w]ithin a single case, some actions may be stayed, others not." Id. The Third Circuit instructed that '[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Id. at 1204 – 1205. Specifically, "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." Id. at 1205. (citing Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196-97 (6th Cir. 1983) ("[i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor")). Therefore, "[i]n this regard, formal distinctions between debtor-affiliated entities are maintained when applying the stay." Id. For example, "[a] proceeding against a non-bankrupt corporation is not automatically stayed by the bankruptcy of its principal, Marcus, Stowell & Beye v. Jefferson Investment, Corp., 797 F.2d 227, 230 n. 4 (5th Cir. 1986); Personal Designs, Inc. v. Guymar, Inc., 80 B.R. 29, 30 (E.D.Pa. 1987); and, section 362 does not bar an action against the principal of a debtor-corporation." Id. at 1205 – 1206. (citing In re Philadelphia Gold Corp., 56 B.R. 87, 90 (Bankr.E.D.Pa. 1985)).

Here, under Section 362 of the Bankruptcy Act, this action should be stayed against B. Lim, as he is the only party that declared bankruptcy. None of the other parties filed or intend to file for bankruptcy protection, including KDT, a company owned solely by B. Lim. Under Section 362 of the. As the Third Circuit clearly instructed, "the automatic stay is not available to

non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." Id. at 1205. Likewise, this action should not be stayed against KDT simply because its principal has declared bankruptcy. See Marcus, Stowell & Beye v. Jefferson Investment, Corp., 797 F.2d 227, 230 n. 4 (5th Cir. 1986); Personal Designs, Inc. v. Guymar, Inc., 80 B.R. 29, 30 (E.D.Pa. 1987).

Notably, since the inception of this action in May of 2008, none of the defendants have actually served or filed an answer to the Amended Complaint. Indeed, the motion to dismiss finally amended by KSN and K. Lee on June 9. 2000 still remains to be decided by this Court. Given the likelihood that much documentary and electronic evidence may have been destroyed or lost since all of the assets of KDT were sold in February or March of 2008 and KSN upgraded its computer system in 2007 or 2008, allowing this proceeding to continue as to these non-debtor defendants will ensure that the proper evidence is discovered for full adjudication of Plaintiff's claims against the non-debtor defendants. See Status Report filed on July 16, 2009, Docket No. 49; Ex. K to H. Choi Decl. in Support of Opp. to Motion to Dismiss of K. Lee and KSN, Dep. of K. Lee, Feb. 26, 2009, p. 29, line 14 – p. 30, line 25, Docket No. 41-70.

## CONCLUSION

Under Section 362 of the Bankruptcy Act and the Third Circuit's guidance in Maritime Elec. Co., Inc. v. United Jersey Bank, this Court should modify the order entered on September 15, 2009 to allow Plaintiff to proceed against the non-debtor defendants. None of the non-debtor defendants have filed for bankruptcy protection. None of the non-debtor defendants should enjoy the protections of the Bankruptcy Act simply because one of the defendants filed a bankruptcy petition. Further, in the interest of justice, Plaintiff should be allowed to continue

8

this action so that any further evidence is not lost or destroyed.   For the reasons stated, Plaintiff

respectfully requests this Court to grant its Motion to Modify the Order entered on September 15,

2009 and Lift the Stay as to Non-Debtor Defendants.

Respectfully submitted,

**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff
The Dong-A Ilbo

By: _____

Chull S. Park (No. 202681)

Date:   January 28, 2010