**THE PARK LAW GROUP, LLC**
Attorneys for Plaintiff The Dong-A Ilbo
Chull S. Park, Esq. (No. 202681)
Hyun Suk Choi, Esq. (No. 203535)
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE DONG-A ILBO,**<br><br>        Plaintiff,<br><br>   v.<br><br>**BO H. LIM, et al.**<br><br>        Defendants. | Civil Action No. 08-2399 (GP)<br><br><u>ECF CASE</u> |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION OF COUNSEL FOR DEFENDANTS DAVID B. LIM, incorrectly identified as BO H. LIM a/k/a BO HYUN LIM a/k/a DAVID LIM a/k/a LIM BO a/k/a BO LIM a/k/a BO HI LIM a/k/a BO HYEON LIM, and KOREAN DAILY TRIBUNE, INC., incorrectly identified as THE KOREAN DAILY TRIBUNE, INC. a/k/a KOREAN DAILY TRIBUNE, INC. a/k/a DONG-A DAILY NEWS, PHILADELPHIA, INC. a/k/a DONG-A DAILY NEWS d/b/a THE CHOSUN DAILY PHILADELPHIA d/b/a THE DONG-A DAILY NEWS d/b/a DONG-A DAILY NEWS, INC., FOR LEAVE TO WITHDRAW AS COUNSEL**

On the Brief: Hyun Suk Choi, Esq.
       Chull S. Park, Esq.

The plaintiff, The Dong-A Ilbo, ("Plaintiff"), through its undersigned counsel responds to Motion of Counsel for Defendants, David B. Lim, incorrectly identified as Bo H. Lim a/k/a Bo Hyun Lim a/k/a David Lim a/k/a Lim Bo a/k/a Bo Lim a/k/a Bo Hi Lim a/k/a Bo Hyeon Lim, and Korean Daily Tribune, Inc. ("Defendant B. Lim"), incorrectly identified as The Korean Daily Tribune, Inc. a/k/a Korean Daily Tribune, Inc. a/k/a Dong-A Daily News, Philadelphia, Inc. a/k/a Dong-A Daily News d/b/a The Chosun Daily Philadelphia d/b/a The Dong-A Daily News d/b/a Dong-A Daily News, Inc. ("Defendant KDT"), for Leave to Withdraw as Counsel ("Motion to Withdraw") as follows. Plaintiff is aware that the Court has scheduled oral argument before the Court for March 31, 2010 at 10:00 a.m. Plaintiff respectfully requests the Court to require Defendant B. Lim and Defendant KDT to retain new counsel before current counsel is allowed to withdraw.

## ARGUMENT

First, Defendant B. Lim should be required to retain new counsel prior to allowing the current counsel to withdraw when the time is appropriate. Under Local Civil Rule 5.1(c) of the Eastern District of Pennsylvania, "an attorney's appearance may not be withdrawn except by leave of Court, unless another attorney of this Court shall, at the same time, enter an appearance for the same party." Currently, this action has been stayed against all of the defendants pursuant to Section 362 of the Bankruptcy Code. Plaintiff acknowledges that so long as the bankruptcy proceeding of Defendant B. Lim continues, Plaintiff cannot continue this action against B. Lim. Until such event occurs, Defendant B. Lim and counsel for Defendant B. Lim will not be unduly burdened by remaining as counsel of record for that period of time. However, if the bankruptcy court dismisses the bankruptcy petition of Defendant B. Lim, denies discharge of Defendant B.

Lim's debts, or lifts the automatic stay under Section 362 as to this action, Plaintiff intends to continue to proceed in this action against Defendant B. Lim. At such time, Plaintiff requests that Defendant B. Lim retain new counsel for this action before current counsel is allowed to withdraw.

Next, Defendant KDT should also be required to retain new counsel before current counsel is allowed to withdraw. Although this action has been stayed against all of the defendants pursuant to Section 362 of the Bankruptcy Code, on January 28, 2010, Plaintiff filed a Motion to Modify the Order entered on September 15, 2009 and Lift the Stay as to Non-Debtor Defendants ("Motion to Lift Stay"), including Defendant KDT. This Court has scheduled oral argument on the Motion to Lift Stay for March 31, 2010 as well. Regardless of this Court's decision on the Motion to Lift Stay, this Court should still require Defendant KDT to retain new counsel before current counsel is allowed to withdraw because a corporate entity must be represented through counsel and cannot remain as a *pro se* party. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966); see also Local Civ. R. 5.1(c).

22841_4

## CONCLUSION

For the foregoing reasons, Plaintiff, The Dong-A Ilbo, requests this Court to require Defendant B. Lim and Defendant KDT to retain new counsel before current counsel is allowed to withdraw.

Date:   March 23, 2010

                                                         Respectfully submitted,

                                                         **The Park Law Group, LLC**
                                                         Attorneys for Plaintiff,
                                                         The Dong-A Ilbo

                                        By: _____
                                                   Chull S. Park (No. 202681)

4

22841_4